(13 Misc. Rep. 215.)

## MAAS v. SCHARBACH et al.

(Common Pleas of New York City and County, General Term. June 27, 1895.)

PURCHASE OF STEAMSHIP PASSAGE TICKET — AGREEMENT TO REFUND MONEY— RETURN OF TICKET.

Where it is inferable from the evidence that a steamship passage ticket, which plaintiff bought with provision that the price should be refunded if it was not used within a year, was of no value after the lapse of the year, return of the ticket is not necessary to recovery.

Appeal from Fifth district court.

Action by Moses Maas against Louis A. Scharbach and another to recover price paid for a steamship passage ticket. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

A. H. Berrick, for appellants.

Jacob Levy, for respondent.

BISCHOFF, J. This case presents nothing more than a well-defined issue of fact, determined by the justice in plaintiff's favor upon sufficient evidence; hence, under the established rule governing appeals from the district courts, there is no ground for our disturbing the judgment. Whether plaintiff's agreement with the defendants was that the sum in suit, paid by the former to the latter upon the purchase of a steamship passage ticket from Hamburg to New York, should be refunded if the ticket were not used by the intending passenger within a year, or whether a return of the ticket was essential, was the only point in issue; and the plaintiff's evidence sufficiently supported the finding that the purchase money was to be refunded, under the agreement between the parties, should the individual to whom the ticket was sent fail to make use of it, and obtain a passage to the port of New York, within one year. It is not contradicted that a year had elapsed when plaintiff made his final demand for the money, and that the ticket had never been availed of.

The appellant urges that plaintiff should not be allowed to recover back the purchase price without a return of the thing sold, but this contention assumes the ticket itself to have been the subject of the sale, whereas the ticket was but a token furnishing the evidence of a right to demand transportation (25 Am. & Eng. Enc. Law, pp. 1074, 1075, and cases cited); and, from the plaintiff's evidence, it is logically inferable that this token was of no value after the elapse of one year from the sale. We have but to affirm the judgment.

Judgment affirmed, with costs. All concur.